UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DA'JUAN BURNS, | ) | CASE NO. 4:15 CV 41 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| ANDREW EDDY, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

Plaintiff *pro se* Da'Juan Burns, an inmate at the North Branch Correctional Institution in Cumberland, Maryland, brings this 42 U.S.C. § 1983 civil rights action against the following Defendants: Andrew Eddy, Mona Parks, James Kline, Mary Lapushansky, Nicole Carter, Mark Thomas, Martin O. Akusoba and Robert R. Bahnson. Defendants provided medical treatment to Plaintiff, or reviewed complaints and grievances concerning that treatment during his incarceration - prior to December 2013 - at the Ohio State Penitentiary (OSP). Plaintiff asserts Defendants were deliberately indifferent to his medical needs, violating his Eighth Amendment right to be free from cruel and unusual punishment. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

District courts are expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v.*

*Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Deliberate indifference" by prison officials to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" in violation of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment. A prison official or other state actor cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* The objective component of the test requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.2004). A sufficiently serious medical need is predicated

upon the inmate demonstrating that he "is incarcerated under conditions imposing a substantial risk of serious harm." *Id*. (quoting *Farmer*, 511 U.S. at 834). The subjective component requires a showing that the prison official possessed "a sufficiently culpable state of mind in denying medical care." *Id*. (quoting *Farmer*, 511 U.S. at 834). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 at 837. Mere negligence will not suffice. *Id*. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir.1976).

Careful review of Plaintiff's lengthy Complaint and the other materials he provided reveals that he received ongoing and frequent treatment for various medical conditions while incarcerated at OSP.[1] Further, the thrust of his grievances is that the people who provided his medical care and treatment did not follow procedures that, based on his internet on-line research, he believes were warranted.

The Constitution does not guarantee that an inmate will enjoy good health during confinement, nor does it require prison officials to cure inmates of all their diseases and injuries. It requires only that officials not consciously disregard a substantial risk of harm by demonstrating deliberate indifference to the inmate's serious medical needs. The Complaint does not set forth allegations reasonably suggesting that any of the Defendants consciously disregarded a serious risk to Plaintiff by denying him medical care and treatment.

---

[1] The main medical conditions identified by Plaintiff are: a varicocele on his left testicle, hemorrhoids, impotence, bowel discomfort, frequent urination, and a bad back.

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: June 2, 2015